UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. <u>14-20877-CR-UU</u>

UNITED STATES OF AMERICA

vs.

ALBERTO ANTONIO RODRIGUEZ,

    Defendant.
_____/

<u>**RESPONSE IN OPPOSITION TO DEFENDANT'S APPEAL OF U.S. MAGISTRATE
JUDGE OTAZO-REYES' ORDER**</u>

    The United States files this Response opposing Defendant's Appeal. D.E. 50.

**I. INTRODUCTION**

    The Court is considering an appeal of U.S. Magistrate Judge Otazo-Reyes' Second Order Re: Competency (hereinafter "Order"). D.E. 45.  The Order was issued on November 10, 2015, after an October 13, 2015 evidentiary hearing and supplemental filings by the parties.

    The procedural posture of the case – as well the factual background laid out in a section titled "Criminal Charges Against Rodriguez" – is set forth in detail in the Order. D.E. 45 at 1-6. The Defendant, in his Appeal, does not dispute the Order's recitation of facts or procedural posture and it is sufficiently thorough whereby the Government will not restate or supplement it here.

    Likewise, the Defendant does not take issue with the vast majority of the Order's restatement of the law regarding competency (D.E. 45 at 6-10), and therefore, the Government will largely refrain from restating it here.  The Defendant, of course, tries to distinguish the application of the caselaw and also puzzlingly seeks to add an "assist in the preparation of defense" prong as a separate, additional competency inquiry.  This additional prong is not a

standard recognized in any binding precedent. Instead, issues related to the Defendant's ability to assist in the preparation of his defense are already encompassed within the standard outlined in 18 U.S.C. § 4241(d).[1]

The Defendant's principal argument is that Judge Otazo-Reyes supposedly made an error of judgment in finding the Defendant has not established by preponderance of the evidence that he is "mentally incompetent to the extent that he is unable to assist properly in his defense." D.E. 50 at 3.[2] The specific basis for the Defendant's appeal is that Judge Otazo-Reyes gave "unwarranted weight to Dr. Carlton Pyant's testimony despite the clear and compelling testimony of Tony's two (2) expert witnesses…" Id.

The Court should reject the Defendant's argument. By casting the issue as a battle of experts, the Defendant's Appeal elides two crucial aspects of the competency hearing: (1) the Defendant himself testified and other evidence was in the record and (2) the Judge could not delegate her independent obligation to make a proper finding to either one BOP Forensic Psychologist, two pro bono psychologists, the learned defense counsel, or any combination thereof. The Defendant only addresses the three expert witnesses in his Appeal and ignores his own testimony as well as the other evidence. The Defendant apparently believes that the Judge must accept testimony from his two expert witnesses because they said so, and that any testing the opinions against the extant evidence, and weight or credibility determinations should not have been made. "It is well-settled that expert opinion as to competency is not binding on the

---

[1] 18 U.S.C. § 4241(d) adopts the competency test articulated by the Supreme Court in Dusky v. United States, 362 U.S. 402 (1960) (per curiam). See United States v. Wiggin, 429 F.3d 31, 36 n.8 (1st Cir. 2005).

[2] It should be noted that Judge Otazo-Reyes did not find that the Defendant has not met his burden, but instead found that "by a preponderance of the evidence, that, after restoration treatment, Rodriguez is competent to stand trial." DE:45 at 26.

trier of fact if there is reason to discount it." United States v. Izquierdo, 448 F.3d 1269, 1279 (2006) (citing Strickland v. Francis, 738 F.2d 1542, 1552 (11th Cir. 1984).

## II. ARGUMENT

   A. *The competency inquiry is concerned with whether a defendant (1) is able to consult with his lawyer with a reasonable degree of rational understanding and (2) have a rational and factual understanding of the proceeding against him*

The Defendant's argument, that a competency hearing requires findings on an "assist in the preparation of defense" prong, is misplaced. The concerns that animate *preparation* are already encompassed in the relevant statutory language: the Defendant must be able "to understand the nature and consequences of the proceedings against him [and] to assist properly in his defense." 18 U.S.C. § 4241. The Order in this case correctly noted that there is nothing in the statute or any binding cases that requires additional findings beyond those articulated in the statute.[3] The Order recognized additional prong analysis was employed in United States v. Duhon, 104 F. Supp. 2d 663 (W.D. La. 2000). Neither 18 U.S.C. § 4241, which was promulgated nine years after Drope v. Missouri, 420 U.S. 162 (1975), nor any binding precedent advance the requirement for findings concerning a distinct "preparation" prong. The Defendant argues the Order improperly discounted "preparation" as a unique competency concern as evident by its citation to United States v. Merriweather, 921 F. Supp. 2d 1265 (N.D. Ala. 2013) and that the Merriweather Court failed to consider Indiana v. Edwards, 554 U.S. 164, 174 (2008). Edwards, however, does not stand for the proposition that the Defendant suggests. Edwards, decided two decades after the promulgation of 18 U.S.C. § 4241, like Drope v. Missouri, 420 U.S. 162 (1975), discusses competency, but does not set forth a new test, require additional findings, let alone overrule the statute. Preparation, like testifying, or other

---

[3] Even to the extent that an "assist in the preparation of defense" prong is somehow distinct and not covered by the standard of "understanding the proceedings" and "assisting properly," it is the Government's position that the evidence adduced at the hearing establishes this prong would also have been met beyond a preponderance of the evidence.

3

components of being involved in the criminal process, is not a separate prong, but is encompassed within the whole of the 18 U.S.C. § 4241(d) standard.

The Defendant's argument for an additional prong appears to be predicated on the notion that "preparation of his defense" equates to being on equal footing with his counsel in devising litigation strategy and cross-examination questions.[4] That is where the Defendant is wrong; the competency standard is a relatively low one, with "a modest aim." Godinez v. Moran, 509 U.S. 389, 402 (1993). As such, an unintelligent or inarticulate defendant will always lack advantages in testifying, but that does not constitute unconstitutional unfairness. Similarly, the fact that a defendant may not testify as effectively as another person does not compel a finding of incompetence. Nor is there authority requiring "that the defendant be able to assist his attorney in crafting cross-examination or developing strategy to be found competent." United States v. Butterfly, 72 F.3d 136, 1995 WL 729484, *2 (9th Cir. 1995) (unpublished). "The fact that a defendant might not understand the proceedings unless they are explained to him in simple language would put an additional burden upon counsel, but certainly does not establish that the defendant is incompetent to stand trial." United States v. Housh, 89 F. Supp. 2d 1227 (D. Kan. 2000) (quoting United States v. Glover, 596 F.2d 857, 867 (9th Cir. 1979)).[5]

---

[4] For example, the Defendant makes a point of noting that he could not think of any questions to pose on the cross-examination of Dr. Pyant. Appeal at 10.

[5] The undersigned has largely attempted to avoid restating other appropriate references in the Order that support this "modest aim" analysis, an example of which is the following:

> In U.S. v. Hogan, 986 F.2d 1364 (11th Cir. 1993) the Eleventh Circuit affirmed the trial court's finding that "the minor defects in Hogan's cognitive abilities did not render him incapable of providing rational assistance to his attorney." Id. at 1373. The Eleventh Circuit commented, "[e]ven perfectly competent defendants often do not fully comprehend the intricacies of some of the defensive theories offered by their lawyers. That level of comprehension is not a requirement of competency. All that is required is that [the defendant have] a rational as well as a factual understanding of the proceedings against him and [have] sufficient present ability to consult with his attorney with a reasonable degree of rational understanding."

DE:45 at 8.

B. *Judge Otazo-Reyes did not abuse her discretion in making her finding*

The crux of the Defendant's Appeal is the supposed battle of experts coupled with inexorable arithmetic that two is greater than one. Just as the algebra example failed at the evidentiary hearing (see D.E. 45 at 21), his effort to marshal the force of arithmetic is misplaced. As discussed above, there was more to the hearing then a conflict of experts: the Defendant testified and other evidence was adduced from the records (such as the Skype chats), and this evidence supports the finding in the Order.

The Defendant's two experts were not as clear or compelling as the Defendant suggests. Dr. Jacqueline Valdes met with the Defendant in late September 2014. She stated: "I didn't assess [the defendant] from the standpoint of his competency to stand trial. But I did assess his functional capacity and competency in terms of independent living." DE:50-2 "Hearing Transcript" at 93, lines 9-12. Dr. Valdes did not assess the Defendant's competency to stand trial then. She has not assessed the Defendant since September 2014, notwithstanding in October 2014, she outlined a series of forty-two recommendations that could benefit (i.e. improve) the Defendant and his restoration took place in the summer of 2015.[6] Dr. Valdes noted that the Defendant could articulate concerns, such as his request to have his mother step out of the room

---

[6] Dr. Valdes admitted she last assessed the Defendant in September 2014:

> Q: So have you assessed him since September of 2014?
> A: I have not."

Hearing Transcript at 151, lines 19-20.

In her report from October 2014, Dr. Valdes wrote of the need for a competency evaluation:

> Mr. Rodriguez indicated limited understanding of the legal system, his current legal difficulty, as well as limited awareness regarding the nature of his behavior. His combination of communication, social and cognitive deficits would make it difficult to assist in his own defense. During this examination such matters were not formally assessed and would benefit from a separate evaluation involving his overall competency should the investigation by the state's attorney's office proceed further.

Valdes Report (DE:47-Defense Exhibit 2) at 55 (recommendation ten of forty-two).

5

when she asked him about his "sexual functioning." Valdes Report at 8 and Hearing Transcript at 138, lines 17-23. Dr. Valdes opined on Dr. Pyant's testing but did not directly consider Dr. Frumkin's report ("I did not see Dr. Frumkin's report" Hearing Transcript at 135, line 20). Because she opined on Dr. Pyant's testing without doing it herself, Dr. Valdes was asked a line of questions designed to test her position as to who would be in a better position to assess competency, the individual administering a competency evaluation or an individual reading the results of the test. This was illustrative; Dr. Valdes guardedly danced around the questions but eventually conceded that being there during competency evaluation "would have been great if that was possible." Dr. Valdes seemed to concede Dr. Pyant had a better opportunity to make findings and relate facts (not much of a concession considering the thoroughness and extent of the restoration treatment process Dr. Pyant oversaw) but maintained that her knowledge base and understanding of Autism was greater.[7] See Hearing Transcript at 143, line 20 through 146, line 4.

On this last point, the Defendant here notes that all three experts testified that the Defendant is presently suffering from Autism Spectrum disorder and suggests that it is "patently obvious" that he is not and never could be competent. This categorical approach, which is not found in any caselaw,[8] fails in the face of the detailed, appropriate findings made in the Order. Tellingly, when Dr. Valdes was confronted with a categorical question regarding competency and the spectrum of those afflicted with Autism, she refused to give a blanket answer: "How could I know unless I assess the person? Every individual is different. Just because they have a

---

[7] Considering Dr. Valdes's nuance, concessions, and her agreement that her testimony was limited to the Defendant's diagnosis, rather than his competency, it is neither surprising, nor incompatible with the other findings, that the Order noted that she was "truthful and sincere." DE:45 at 20.

[8] See, e.g., United States v. Diaz, 07-20398-CR-UNGARO, 2008 WL 2620726, *7 (S.D. Fla. June 30, 2008) (O'Sullivan, J.) ("Incompetency to stand trial is not defined in terms of mental illness. As such, a defendant can be competent to stand trial despite being mentally ill and similarly a defendant can be found incompetent to stand trial without being mentally ill.") (internal quotation marks omitted).

label of a diagnosis doesn't make them uniform." Hearing Transcript at 150, lines 21-23. Dr. Valdes did not perform a competency evaluation and, notwithstanding legal arguments in Defendant's Appeal, she recognized the categorical approach must be rejected and each individual assessed.

Judge Otazo-Reyes assigned low credibility and value to Dr. Michael Rappaport's testimony and opinion. Dr. Rappaport did not conduct any standardized tests, took notes on two of six visits, and made those notes on the same paper which could then only be distinguished by the darkness of the writing. Dr. Rappaport formed an opinion after one visit and said so in an email dated March 8, 2015 but failed to produce a report for the hearing on October 13, 2015. Dr. Rappaport's testimony was nonchalant and loose: he was impeached and told to be more careful during his direct examination and refused to answer questions directly during voir dire and cross-examination. Dr. Rappaport continually deflected, diverted, would pose questions to himself rather than answer the question he was asked, and articulated contrivances to avoid seemingly negative answers. DE:45 at 21-24; *see also*, Hearing Transcript at 169-255.

The Court's competency determination is primarily factual in nature. Izquierdo, 448 F.3d at 1278. "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." Id. While from the appellate standard of review, it is worth noting when a District Court is faced with conflicting expert reports, it does not clearly err simply by crediting one opinion over another where other record evidence exists to support such a conclusion. United States v. Jones, 2006 WL 2946838 (11th Cir. 2006). The other evidence of record before this Court at the hearing as well as the testimony of the experts may be utilized to assist determination of accepting one opinion of an expert over another. And here, the Defendant testified. Judge Otazo-Reyes recounts his testimony in his order, and indicated that

7

she found him to understand the questions, be responsive, and candid. DE:45 at 20-21. The Order's legal analysis was supported by the Defendant's testimony and other evidence from the record, such as the Skype chats:

> At the October 13th hearing, Rodriguez testified candidly and was able to answer the questions posed by Hirschhorn and AUSA Kobrinski and be understood. He had no difficulty correctly answering his own counsel's question about what a jury is. He knew what child pornography is. He admitted having installed file sharing programs in his and his father's computers and having engaged in Skype chats.
>
> Those Skype chats belie Dr. Valdes' and Dr. Rappaport's assessment that Rodriguez can only think in concrete terms without the capacity for extrapolation, inferences or generalizations. The animexxxd chats included directions to one chat partner on what sexual molestation to perform on the partner's brother and 8 year old sister, and discussions with another regarding the latter's use of a baby for sex. Clear evidence of Rodriguez's ability to think beyond the concrete here and now is animexxxd's question of his chat partner, "if I was in ur state would u invite me to ur place?" and, after a response of "Yes," animexxxd asks "cool would u force me to live there or if I want to?" Moreover, although he denied recalling the Skype name "akberto ross" on the stand, chats by that name found as a result of the government's forensic examination discussed such non-concrete subjects as gun control in different countries and included such non-concrete comments as "true nothings perfect" and "almost a utopia heh."

DE:45 at 25.

The Order's findings are thorough, fair, and grounded in the evidence and credible testimony presented at the hearings. The Defendant has deficits, but they do not render him incompetent. In cases such as this one, where the defendant's deficits do not render him incompetent, courts have found that certain accommodations during trial are appropriate to aid the defendant at trial, including "proceed[ing] slowly and provid[ing] frequent breaks so that his attorney could explain the proceedings to him." Butterfly, 1995 WL 729484 at *1; United States v. Marsee, 2006 WL 1464788, *6 (E.D. Ky. May 22, 2006); Housh, 89 F. Supp. 2d at 1231.

## IV.  CONCLUSION

Wherefore, the Court should deny the Defendant's Appeal and make certain accommodations, as necessary, to aid the defendant during subsequent proceedings.

>Respectfully submitted,
>
>WIFREDO A. FERRER
>UNITED STATES ATTORNEY
>
>By:   *s/Jonathan E. Kobrinski*
>Jonathan Kobrinski, AUSA
>Court ID No. A5501893
>99 N.E. 4th Street
>Miami, Florida 33132-2111
>Tel: (305) 961-9074
>Fax: (305) 579-7976
>jonathan.kobrinski@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

>/s/ Jonathan E. Kobrinski
>Assistant United States Attorney

9